UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CORNELIUS DEWAYNE GORDON,
    Plaintiff,

vs.                                              07-1215

ROD BLAGOJEVICH, et.al.,
    Defendants.

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review by telephone conference call.

The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at three locations: the Pontiac Correctional Center, the Graham Correctional Center and the Lawrence Correctional Center. The plaintiff has named 14 defendants including Governor Rod. Blagojevich, Illinois Department of Corrections Director Roger Walker, Warden Eddie Jones, Warden Andrew Ott, Warden Lee Ryker, Jennifer Melvin, Jeffrey Hart, Stephanie Williams, Demain Harkins, Gregory Lipe, Jeff Andries, Officer Perkins, Terrence Cox and Officer Spillman.

The plaintiff's complaint is difficult to follow since he only includes a list of defendants with some indication of why they were named as defendants. He does not have a section clearly stating his allegations or his claims for relief. The court reviewed the plaintiff's claims with him during the hearing.

The plaintiff says he is illegally incarcerated. The court asked the plaintiff what he wants the court to do. The plaintiff says he wants the court to order his release and reimbursement for each day he has been illegally incarcerated.

There are several problems with the plaintiff's complaint. First, if the plaintiff is attempting to challenge his sentence, he cannot file a lawsuit pursuant to §1983. A petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). *See also Beaven v Roth*, No. 03-1397, 2003 WL 22018891 (7th Cir. July 23, 2003 ); *Graham v. Thompson*, 1998 WL 64267 (N.D. Ill June 10, 1988).

Second,, the plaintiff is attempting to sue several defendants from different judicial districts in one lawsuit. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Pontiac Correctional Center and Graham Correctional Center are in the Central District of Illinois where the plaintiff chose to file this lawsuit. Lawrence Correctional Center is in the Southern District of Illinois. Therefore, the venue for the plaintiff's claims against Defendants Ryker, Perkins , Cox and Spillman lies in federal courts in another districts.

Finally, the plaintiff has named improper defendants in his lawsuit. For instance, the plaintiff says he is suing Governor Rod Blagojevich and Illinois Department of Corrections Director Roger Walker because they are both the "boss" and ultimately in charge of the other defendants. An individual is liable under §1983 only if he or she was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct. The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of his subordinates.

The plaintiff's lawsuit is therefore dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 3, 11] . This case is closed, with the parties to bear their own costs;**

2) **All pending motions are dismissed as moot [d/e 3, 11];**

3) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

4) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is**

        **directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)     **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)     **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)     **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

        Entered this _19th_____ day of September, 2007.

        s\Harold A. Baker

_____
        HAROLD A. BAKER
    UNITED STATES DISTRICT JUDGE